UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN JIANYUAN ELECTRONIC TECHNOLOGY CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> HYPERICE IP SUBCO, LLC, AND HYPER ICE, INC. <br><br> *Defendants*. | Case No. 2:25-cv-01562 <br><br> **Complaint For Declaratory Judgment** <br><br> **Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Jianyuan Electronic Technology Co., Ltd. ("Plaintiff" or "Jianyuan"), against Defendants HYPERICE IP SUBCO, LLC and HYPER ICE, INC (collectively, "Defendants" or "Hyperice"), seeking a declaration that Plaintiff's massage guns, identified by ASINs B083L8RNJR, B0B2Z5JHN4 and B08XB3ZV7X (the "Accused Product" or "Massage Gun") do not directly or indirectly infringe Patent No. US12,213,933B1 (the "'933 Patent"), either literally or under the doctrine of equivalents, and/or that the '933 Patent is invalid. Upon actual knowledge with respect

to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff received a notice from Amazon.com ("Amazon"), stating that Amazon had received a report from Hyperice alleging that the Accused Product infringes U.S. Patent No. 12,213,933. *See* Exhibit A.

2. Hyperice's objectively baseless infringement complaint to Amazon has caused, and continues to cause significant harm to Plaintiff, as the Accused Product remains at risk of being removed from Amazon. Further, Plaintiff will lose all associated goodwill in the listings, not to mention lost sales. The alleged infringement complaint to Amazon is wholly without merit as the Accused Product does not meet each and every limitation of any claim under the '933 Patent.

## NATURE OF THE ACTION

3. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.* Hyperice's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product is at risk of being removed from Amazon through enforcement of the '933 Patent.

4. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that Hyperice's '933 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

5. Plaintiff SHENZHEN JIANYUAN ELECTRONIC TECHNOLOGY CO., LTD. is a Chinese limited liability company with a place of business at Suite 5603A, Floor 56, Saige Plaza, North Huaqiang Road, Futian District, Shenzhen City, Guangdong Province, China.

6. Upon information and belief, Defendant Hyperice IP Subco, LLC, a Delaware limited liability company, has a place of business at 525 Technology Drive, Suite 100, Irvine CA 92618. Upon information and belief, Defendant Hyperice IP Subco, LLC is a wholly-owned subsidiary of Hyper Ice, Inc. Upon information and belief, Defendant Hyperice IP Subco, LLC is registered as the applicant and assignee of the '933 Patent.

7. Upon information and belief, Defendant Hyper Ice, Inc. is a California corporation, with a principal place of business at 525 Technology Drive, Suite 100, Irvine CA 92618.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

9. An actual case or controversy exists between the parties to this action. Hyperice's actions have caused and continue to cause significant harm to Plaintiff as the Accused Product is at risk of being removed from Amazon through the enforcement of the '933 Patent. Hyperice's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

10. This Court has personal jurisdiction over Hyperice in this action at least because Hyperice initiated and continues to pursue enforcement proceedings concerning the '933 Patent within this judicial district. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Specifically, Hyperice submitted a complaint of

infringement of the '933 Patent to Amazon.com, Inc. ("Amazon"), which has a place of business located at 410 Terry Ave. N, Seattle, WA 98109. Each claim presented herein arises from Hyperice's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

11. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE ACCUSED PRODUCTS

12. Amazon sent a notice to Plaintiff stating that its Massage Gun listing may be removed from the platform if Plaintiff does not address the patent infringement claim. The notice from Amazon is attached hereto as **Exhibit A**.

13. In the notices, Amazon informed Plaintiff that the rights owner of the '933 Patent is identified as Hyperice IP Subco, LLC, a wholly-owned subsidiary of Hyper Ice, Inc., with the rights owner's email address listed as barnold@hyperice.com. *Id.* The alleged infringement type is Patent and the Patent Number is U.S. 12,213,933. *Id.*

14. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain its product listings on Amazon. Hyperice's infringement complaint has placed Plaintiff's listings in imminent danger of removal from Amazon, thereby threatening to cut off access to Plaintiff's most significant channel of trade. As a result, Hyperice's submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff.

## U.S. PATENT NO. 12,213,933 B1

15. Upon information and belief, Defendant Hyperice IP Subco, LLC is registered as the applicant and assignee of the '933 Patent. *See* **Exhibit B**.

16. The '933 Patent is entitled "Massage device with a releasable connection for a massaging head" and generally discloses "exemplary embodiment includes a piston having a longitudinal axis, a massaging head connected to the piston, a motor located on a first side of the longitudinal axis and a handle located on a second side of the longitudinal axis. A drive mechanism for moving the piston and massage head is also included." **Exhibit B**, at Abstract.

17. The '933 Patent was issued on February 4, 2025. The '933 Patent has one independent claim 1 and fourteen dependent claims. *See Id.*

## COUNT I

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '933 PATENT)

18. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

19. An actual, continuing and justiciable controversy exists between Plaintiff and Hyperice concerning the non-infringement of the '933 Patent by the Accused Product, as evidenced by Hyperice's allegations of infringement on Amazon, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '933 Patent.

20. Plaintiff's Accused Product does not infringe any of the presumably valid claims of the '933 Patent, as the Accused Product fails to meet one or more elements of independent claim 1 of the '933 Patent.

21. Claim 1 of the '933 Patent recites:

A percussive massager comprising:
    a housing;

      a piston having a proximal end and a distal end, the distal end of the piston having a bore;
      a motor operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first speed;
      a drive mechanism that determines a predetermined stroke length of the piston; and
      a quick-connect system comprising the distal end of the piston and a first massaging head,
      wherein the quick-connect system allows a proximal end of the first massaging head to be inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed,
      wherein the motor has an output shaft that is configured to rotate about a rotation axis, and
      wherein the drive mechanism comprises:
           a flywheel operatively connected to the output shaft of the motor to rotate about a flywheel axis, the output shaft extending into the flywheel along the flywheel axis; and
           a crank pin extending from the flywheel, the crank pin being operatively connected to the piston.

22. The Accused Product at least does not practice the claim 1 requirement that the device allow the proximal end of a massage head to be inserted into, or removed from, a bore while the piston reciprocates. In normal use the Accused Product must be powered off, with the piston at rest, before a head can be changed. Its head connection relies on a secure friction/interference and/or twist/press fit (e.g., via annular protrusion of rubber ring) that depends on static alignment; attempting insertion or removal during reciprocation would misalign components and is contrary to the device's intended use and safety guidance. Because the Accused Product is not configured to receive or disengage a head while the piston is reciprocating, this express limitation is not met and claim 1 is not literally infringed.

23. Separately, the Accused Product at least does not include the claimed drive mechanism that determines a predetermined stroke length of the piston as that phrase is understood from the patent's intrinsic evidence. The specification depicts and describes a mechanism for setting/adjusting stroke length (i.e., variable stroke with selectable positions such as

-6-
COMPLAINT

minimum/maximum and intermediate), not a design in which stroke length is immutable once manufactured. By contrast, the Accused Product's stroke length is fixed by its internal geometry at the time of manufacture; users cannot select or change the stroke length before or during use. Accordingly, the Accused Product lacks the claimed mechanism that determines (i.e., sets) the piston's stroke length and therefore does not literally meet this element either.

24. Under the doctrine of equivalents, treating a "stop-to-change" design as equivalent to a configuration that allows head insertion/removal during reciprocation would impermissibly erase the "while the piston reciprocates" requirement. The two designs serve different functions (uninterrupted reciprocation with interchange vs. secure retention requiring stoppage), operate in different ways (motion-tolerant bore/interface vs. tight static fit that depends on no motion), and achieve different results (continuous operation vs. mandatory stoppage). Those are not insubstantial differences; any equivalence theory here would vitiate the claim language and should be rejected.

25. Likewise, there is no infringement by equivalents of the "drive mechanism that determines a predetermined stroke length" limitation. A mechanism that lets a user set/adjust stroke length (variable stroke) is not equivalent to a fixed-geometry arrangement that offers no stroke selection at all. The function, way, and result differ: selecting a stroke vs. offering none; using an adjustment mechanism vs. a non-adjustable fixed eccentric; producing multiple selectable strokes vs. a single immutable stroke. Expanding the claim to cover a fixed-stroke design would nullify the stroke-setting requirement and improperly capture foreseeable alternatives that were not claimed. Accordingly, Plaintiff's Accused Product does not infringe claim 1, either literally or under the doctrine of equivalents.

26. Likewise, since the presumably valid independent Claim 1 of the '933 Patent is not infringed, nor are the remaining dependent claims 2-15. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

27. Hyperice's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Hyperice's submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted.

28. A substantial, immediate, and real controversy exists between Plaintiff and Hyperice regarding the non-infringement of the '933 Patent.

29. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe the presumably valid one or more claims of the '933 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

30. Plaintiff is also entitled to recover damages caused by Hyperice.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF ONE OR MORE CLAIMS OF THE '933 PATENT)

31. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

32. An actual, continuing and justiciable controversy exists between Plaintiff and Hyperice concerning the validity and enforceability of the '933 Patent, as evidenced by Hyperice's allegations of infringement on Amazon, as set forth above.

33. The claims of the '933 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112, at least in view of the prior art cited herein, *see* **Exhibits C, D, E, F, G, H,** and **I** as well as any additional prior art that may come to light during this litigation.

34. By way of example and not limitation, at least U.S. Patent No. 6,682,496 to Pivaroff ("Pivaroff"), issued January 27, 2004, discloses a handheld deep-muscle stimulator with an internal rotary motor driving a cam/linkage to reciprocate a head at about 1/8–1/2 inch stroke. Pivaroff shows a motor in the handle, a linkage functioning as a piston, and a head connection that is threaded/releasable—useful for the "motor-driven reciprocation" and "releasable head at a distal end" aspects of the '933 Patent. A true and correct copy of Pivaroff is attached hereto as Exhibit C.

35. By way of example and not limitation, at least U.S. Patent No. 5,134,777 to Meyer ("Meyer"), issued August 4, 1992, teaches an adjustable-stroke reciprocating mechanism using a drive member with a pin/planetary gear arrangement (crank-type motion) that varies the stroke length—squarely informing the '933 Patent's "drive mechanism that determines a predetermined stroke length of the piston." A true and correct copy of Meyer is attached hereto as Exhibit D.

36. By way of example and not limitation, at least U.S. Patent No. 1,339,179 to Elmen ("Elmen"), issued May 4, 1920, discloses an early massage-type vibrator that expressly provides different stroke modes (percussion, brushing, and combinations) via a controllable linkage between a crank disk and an applicator/plunger. Elmen shows a user-adjustable transmission that varies the plunger stroke, reinforcing that adjustable/predetermined stroke mechanisms were long known. A true and correct copy of Elmen is attached hereto as Exhibit E.

37. By way of example and not limitation, at least U.S. Patent No. 6,432,072 to Harris ("Harris"), issued August 13, 2002, discloses a hand-held massager whose percussive nodes are driven by cams from an electric motor, with removable nodes and user controls. Harris corroborates handheld housings with motor-driven percussive reciprocation and removable treatment heads—relevant to the motor/reciprocation and detachable-head themes in the '933 Patent. A true and correct copy of Harris is attached hereto as Exhibit F.

38. By way of example and not limitation, at least U.S. Patent Application Publication No. 2015/0374576 A1 to Dagan ("Dagan"), published December 31, 2015, discloses a self-massage device featuring a set of head points that are "releasably securable." While not a powered piston, Dagan squarely teaches the detachable head concept claimed in the '933 Patent and common ways of securing/swapping treatment heads. A true and correct copy of Dagan is attached hereto as Exhibit G.

39. By way of example and not limitation, at least U.S. Patent Application Publication No. 2008/0243039 A1 to Rhoades ("Rhoades"), published October 2, 2008, describes a handheld instrument with head portions for multiple attachments (abrasive, brush, thermal, light, etc.), expressly allowing attachments to be attached and removed from the head portions and driven by vibrating/oscillating motion—supporting detachable head interfaces used with powered motion. A true and correct copy of Rhoades is attached hereto as Exhibit H.

40. By way of example and not limitation, at least U.S. Patent No. 8,083,699 to Colloca ("Colloca"), issued December 27, 2011, discloses a chiropractic adjusting instrument using a solenoid-driven impulse to deliver reproducible percussive impacts via a thrust nose piece. Colloca shows a handheld housing, an impact head, and repeated impulse delivery—evidence of powered

percussive/reciprocating actuation alternatives relevant to the '933 Patent's percussive operation concept. A true and correct copy of Colloca is attached hereto as Exhibit I.

41. Hyperice's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Hyperice's submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted.

42. A substantial, immediate, and real controversy exists between Plaintiff and Hyperice regarding the validity of the '933 Patent.

43. Plaintiff seeks a declaratory judgment that the claims of the '933 Patent are invalid and unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

44. Plaintiff is also entitled to recover damages caused by Hyperice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Hyperice as follows:

A. For judgment in favor of Plaintiff against Hyperice on all claims.

B. Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '933 Patent;

C. Declaring that the claims of the '933 Patent are invalid and unenforceable for failing to satisfy the criteria of 35 U.S.C. §§ 101, 102, 103 and/or 112;

D. Preliminary and permanent injunctions ordering Hyperice to withdraw all Amazon infringement complaints lodged against the Plaintiff's Accused Product based on the '933 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

E.  Ordering Hyperice to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

F.  A finding that this case is exceptional and an award to Plaintiff of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

G.  Awarding Plaintiff damages due to Hyperice's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

H.  Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

I.  Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

J.  Awarding pre- and post- judgment interest; and

K.  Awarding Plaintiff such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: August 15, 2025

By: /s/ Ruoting Men
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516.
SEATTLE, WA 98104.
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiff***