UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOLOCO INC., <br><br> Plaintiff(s), <br> v. <br><br> HYPERICE IP SUBCO LLC, et al., <br><br> Defendant(s). | CASE NO. C25-1560-KKE <br><br> ORDER GRANTING STIPULATION AND JOINT MOTION TO CONSOLIDATE |

This matter comes before the Court on the parties' Stipulation and Joint Motion to Consolidate. Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact." Based on the parties' stipulation, the Court concludes that consolidation will best serve judicial economy in resolving the common issues presented by these related actions. In particular, all six cases are declaratory judgment actions involving the same U.S. Patent No. 12,213,933 (the "'933 Patent"). In each case, Plaintiffs seek declaratory relief of non-infringement and invalidity in response to Defendants' allegations that each Plaintiff's massage gun product, sold through Amazon, infringes the '933 Patent. The Court therefore GRANTS the Stipulation and Joint Motion.

IT IS HEREBY ORDERED that:

1. The following cases are consolidated for pretrial purposes only:

ORDER GRANTING STIPULATION AND JOINT MOTION TO CONSOLIDATE - 1

(1) 2:25-cv-01560-KKE (Toloco Inc. v. Hyperice IP Subco, LLC, et al.); (2) 2:25-cv-01561-KKE (Guangzhou Balan Technology Co., Ltd. v. Hyperice IP Subco, LLC, et al.); (3) 2:25-cv-01562-KKE (Shenzhen Jianyuan Electronic Technology Co., Ltd. v. Hyperice IP Subco, LLC, et al.); (4) 2:25-cv-01563-KKE (Shenzhen Jiaxin Electronic Technology Co., Ltd. v. Hyperice IP Subco, LLC, et al.); (5) 2:25-cv-01564-KKE (Guangzhou Shirui Technology Co., Ltd. v. Hyperice IP Subco, LLC, et al.) and (6) 2:25-cv-01565-KKE (Guangzhou Talong Technology Co., Ltd. v. Hyperice IP Subco, LLC, et al.).

2. The lead case shall be Toloco Inc. v. Hyperice IP Subco, LLC, et al., No. 2:25-cv-01560-KKE. All future pretrial filings shall be made only in the lead case docket.

3. Consolidation shall not merge the cases into a single action for trial or judgment.

4. Each Plaintiff retains its individual claims, defenses, and right to separate adjudication.

5. Plaintiffs shall file their responses to Defendants' counterclaims within seven (7) days of the entry of this Order in the lead case docket only.

6. The Clerk is directed to update the docket accordingly.

Dated this 17th day of September, 2025.

Kymberly K. Evanson
United States District Judge